IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

OSCAR VILLA on his own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

COMPUTER CABLING PRODUCTS
INTERNATIONAL, INC. and
JOANN VILLANUEVA.

    Defendants.

---

## COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

---

COMES NOW the Plaintiff, through undersigned counsel, on his own behalf and on behalf of all others similarly situated, and states:

### GENERAL ALLEGATIONS

1. Plaintiff and others similarly situated are or were employed by Defendants as cable technicians who installed and removed telephone, computer and Direct TV wiring and equipment for Defendants' customers.

2. Defendants violated the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) (the "FLSA") when they refused to pay Plaintiff and others similarly situated overtime wages for hours worked beyond forty (40) each workweek.

3. Defendants' conduct violated the FLSA because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek. 29 U.S.C. § 207.

4. Defendants also violated the FLSA when they deducted one-half hour of pay each day from Plaintiff and all their other cable technicians for meal breaks. Defendants made these deductions despite the fact that Defendants were aware that Plaintiff and the other cable technicians were unable, due to their workloads, to stop working to take meal breaks.

5. Defendants' conduct violated the FLSA because that Act prohibits employers from deducting time from employees' pay for non-*bona fide* meal breaks. 29 C.F.R. § 785.19.

6. Plaintiff seeks compensation for Defendants' violations of the FLSA on his own behalf and on behalf of all others similarly situated.

7. Defendants also violated the Colorado Wage Claim Act (C.R.S. § 8-4-101 *et seq.*) (the "CWCA") when they failed to tender all earned, vested and determinable wages to Plaintiff upon the termination of his employment.

8. Defendants' conduct violated the CWCA because that Act requires employers to pay their employees all "earned, vested and determinable" wages upon termination of the employment relationship. C.R.S. § 8-4-109.

9. Plaintiff seeks compensation for Defendants' violation of the CWCA.

## PARTIES, JURISDICTION AND VENUE

10. Plaintiff Oscar Villa is and was at all times relevant to this action a resident of the State of Colorado and was employed by Defendants from approximately 2005 through August 2, 2013. Plaintiff Villa's Consent to Join Form is attached as Exhibit 1.

11. Defendant Computer Cabling Products International, Inc. is a registered Colorado corporation.

12. Defendant Joann Villanueva is the owner/operator of Computer Cabling Products International, Inc.

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action is brought pursuant to the FLSA.

14. Plaintiff requests that this Court exercise supplemental jurisdiction over his claim brought under the Colorado Wage Claim Act (C.R.S. § 8-4-101 *et seq.*). 28 U.S.C. § 1367.

15. This Court has personal jurisdiction over the Defendants because Defendants conducted and continue to conduct business in the State of Colorado.

16. Venue is appropriate in this District because the events and omissions giving rise to Plaintiff's and others' claims occurred in this District. 28 U.S.C. § 1391

## FACTUAL ALLEGATIONS

17. Defendants refused to pay overtime wages to all their cable technician employees. Rather than pay overtime wages, Defendants paid their cable technician employees a "bonus" for each hour worked over forty (40) each work week. These "bonuses" were in fact disguised regular rate payments for overtime hours worked.

18. For example, Plaintiff worked a total of 105.5 hours during the 2-week pay period running from June 16, 2013 through June 29, 2013. At the end of this period, Defendants gave Plaintiff a paycheck showing only 80 hours of work, paid at $20.00 per hour, for a total of $1600.00. The paycheck also showed a "bonus" payment of $480.00. That "bonus" payment was in fact a $20.00 per hour payment for an additional 24 hours of overtime work that should have been paid at time-and-one-half, or $30.00 per hour. Defendants thus paid Plaintiff at this regular rate for 104 hours of work during this pay period and attempted to hide their violation of the overtime provisions of the FLSA behind a "bonus" payment.[1]

19. Similarly, During the July 1, 2012 through July 14, 2012 pay period, Plaintiff worked a total of 105.75 hours. The paycheck Defendants gave Plaintiff for this period showed only 80 hours worked, paid at $17.00 per hour, for a total of $1360.00, plus a "bonus" of $357.00, representing a $17.00 per hour payment for an additional 21 hours of overtime work. Defendants thus paid Plaintiff at this regular rate for 101 hours of work during this pay period, with no FLSA-required overtime payments.[2]

20. Defendants subjected and subject all their cable technician employees to the same unlawful refusal to pay overtime wages for overtime hours worked.

21. Defendants also deducted hours from Plaintiff's and all their other cable technicians' paychecks for meal breaks that Plaintiff and the other "techs" did not in fact

---

[1] The additional 1.5 overtime hours owed to Plaintiff result from unlawful .5 hour meal break deductions taken by Defendants during this period. These "meal break" violations are the subject of Plaintiff's Second Claim.

[2] The additional 4.75 overtime hours owed to Plaintiff in this pay period result from unlawful .5 hour meal break deductions taken by Defendants.

take. Plaintiff and the other techs ate their lunches, if at all, while driving between jobs, in order to comply with Defendants' timeliness requirements.

22. To wit, during the July 15, 2012 through July 28, 2012 pay period, Plaintiff worked 116 hours. Defendants only paid him for a total of 112.5 hours (all at his regular rate of pay). Defendant deducted 3.5 hours from Plaintiff's pay during this period for meal breaks that Plaintiff did not in fact take.

23. Defendants subjected and subject all their cable technician employees to these same unlawful deductions despite the fact that Plaintiff and the other techs made Defendants aware that they were unable to take meal breaks.

24. Plaintiff and the other cable technicians have suffered lost wages and the lost use of such wages as a result of Defendants' unlawful wage practices.

25. Defendants' violations of the FLSA were willful.

26. Defendants have enjoyed annual gross revenues greater than $500,000 each year relevant to this action and employed two or more persons, including Plaintiff, who handled cabling products and other materials which moved in interstate commerce.

27. Defendants controlled when, where and how much labor and services were to be performed by Plaintiff and all their other cable technicians.

28. On November 12, 2013, Plaintiff delivered to Defendants, via certified U.S. mail, a written demand for all the earned, vested and determinable wages he believed he was due. His letter included an address for tender of payment.

29. Defendants did not tender any wages to Plaintiff within 14 days of receipt of the November 12, 2013 letter.

30. Defendant Villanueva owns Computer Cabling Products International, Inc. Defendant Villanueva exercises control over the terms and conditions of her employees' employment and exercises day-to-day operational control over the Computer Cabling Products, Inc. enterprise. For example, Defendant Villanueva made the decision issue paychecks to her employees that showed 80 hours of work per pay period and to hide overtime violations behind "bonus" payments. Defendant Villanueva sets her tech employees' hours, hires those employees, terminates those employees, decides each tech employee's rate of pay and whether each tech will be awarded a raise. Defendant Villanueva also monitors her tech employees' performance and controls their work assignments. Further, Defendant Villanueva makes all significant financial decisions affecting the enterprise.

### § 216(B) COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this case as a collective action, pursuant to 29 U.S.C. § 216(b), on his own behalf and on behalf of all Defendants' similarly situated current and former cable technician employees. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT AND FORMER COMPUTER CABLING PRODUCTS INTERNATIONAL, INC. EMPLOYEES WHO WERE NOT PAID OVERTIME WAGES AND/OR HAD MEAL BREAKS DEDUCTED FROM THEIR PAY.

32. The relevant time period dates back three years from November 19, 2013, the date on which the parties entered into a pre-litigation tolling agreement, and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. §255(a).

33. All potential FLSA Class Members are similarly situated because they are or were paid under Defendants' unlawful common practice, policy or plan of refusing to pay overtime wages and making unlawful meal break deductions.

## FIRST CLAIM
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)
## Failure to Pay Overtime Wages

34. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-30 above as if fully set forth herein.

35. Defendants were "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

36. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

37. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime wages for hours worked beyond forty each workweek. 29 U.S.C. § 207.

38. Defendants' violation of the FLSA was willful. 29 U.S.C. § 255.

39. Plaintiff and others have suffered lost overtime wages and lost use of those wages in an amount to be determined at trial.

## SECOND CLAIM
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)
## Unlawful Meal Break Deductions

40. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-30 above as if fully set forth herein.

41. Defendants were "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

42. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

43. Defendants violated the FLSA when they deducted hours from the paychecks of Plaintiff and others for non-*bona fide* meal breaks. 29 C.F.R. § 785.19.

44. Defendants' violation of the FLSA was willful. 29 U.S.C. § 255.

45. Plaintiff and others have suffered lost wages and overtime wages and lost use of those wages in an amount to be determined at trial.

### THIRD CLAIM
### Violation of the Colorado Wage Claim Act (C.R.S. § 8-4-101 *et seq.*)
### Failure to Tender Wages Due

46. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-30 above as if fully set forth herein.

47. Defendant Computer Cabling Products International, Inc. was an "employer" as that term is defined by the CWCA. C.R.S. § 8-4-101(5).

48. Plaintiff and others were "employees" as that term is defined by the CWCA. C.R.S. § 8-4-101(4).

49. Defendant Computer Cabling Products International, Inc. violated the CWCA by refusing to pay all earned, vested and determinable wages due to Plaintiff upon the termination Plaintiff's employment. C.R.S. § 8-4-109.

50. Defendant Computer Cabling Products International, Inc.'s violation of the CWCA was willful. C.R.S. § 8-4-109(3)(c); C.R.S. § 8-4-122.

51. Defendant Computer Cabling Products International, Inc. continued to refuse pay Plaintiff his earned, vested and determinable wages after receiving a written demand for payment within sixty days of separation. C.R.S. § 8-4-109.

52. Plaintiff has suffered injuries as a result.

53. Plaintiff is entitled to a penalty pursuant to C.R.S. §§ 8-4-109(3)(b) and 8-4-109(3)(c).

54. Plaintiff is entitled to an award of reasonable costs and attorney's fees pursuant to C.R.S. § 8-4-110(1).

55. Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests an Order from the Court that:

As to the First Claim brought pursuant to the FLSA for <u>Failure to Pay Overtime Wages</u> described in paragraphs 34-39 above:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

   b. Plaintiff and the Class be awarded compensatory damages;

   c. Plaintiff and the Class be awarded liquidated damages as required by law;

   d. Plaintiff and the Class be awarded pre-judgment and post-judgment interest as permitted by law; and

   e. Plaintiff and the Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

   f. Plaintiff and the Class be awarded such other and further relief as may be necessary and appropriate.

As to the Second Claim brought pursuant to the FLSA for <u>Unlawful Meal Break Deductions</u> described in paragraphs 40-45 above:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

   b. Plaintiff and the Class be awarded compensatory damages;

   c. Plaintiff and the Class be awarded liquidated damages as required by law;

   d. Plaintiff and the Class be awarded pre-judgment and post-judgment interest as permitted by law; and

   e. Plaintiff and the Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

   f. Plaintiff and the Class be awarded such other and further relief as may be necessary and appropriate.

As to the Third Claim brought pursuant to the CWCA for <u>Failure to Tender Wages Due</u> described in paragraphs 46-55 above:

   a. Plaintiff be awarded compensatory damages;

   b. Plaintiff be awarded liquidated damages pursuant to C.R.S. § 8-4-109(3)(b) and (c).

   c. Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law;

   d. Plaintiff be awarded costs and attorney fees as provided by law; and

   e. Plaintiff be awarded such other and further relief as may be necessary and appropriate.


Dated: March 7, 2014                          **MILSTEIN LAW OFFICE**


                                              *S/ Brandt Milstein*
                                              595 Canyon Boulevard
                                              Boulder, CO 80302
                                              303.440.8780
                                              Fax: 303.957.5754
                                              brandt@milsteinlawoffice.com

                                              *Attorney for Plaintiff*